UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 4:16cv1400 SNLJ |
| vs. | ) | |
| HEZEKIAH WEBB and JAMESEVA WEBB, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

The United States of America brought this action against defendants Hezekiah and Jameseva Webb under Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 to 3619 ("FHA"). Defendants have moved to dismiss the plaintiff's complaint. (#4.)

## I. Factual Background

According to the complaint, the Webbs owned and operated several rental properties in St. Louis, Missouri. In January 2012, Shakhari Bell saw an advertisement for one of those rental properties and spoke to Hezekiah Webb ("H. Webb") about it. H. Webb showed the property to Bell, and Bell signed a year-long lease and moved into the unit on February 8, 2012. Bell's girlfriend was present at the time Bell signed the lease and moved in.

Plaintiff alleges that, from February 8 until the termination of Bell's lease four months later, Bell was subjected to severe, pervasive, and unwelcome sexual harassment

on multiple occasions by H. Webb, including (1) demands to know personal information about Bell such as whether she had a boyfriend, how she engaged in sex with her girlfriend, whether she and her girlfriend would engage in a threesome, and whether they would engage in a threesome with H. Webb; (2) sexual comments about Bell's body; (3) offers of housing benefits like free or reduced rent in exchange for sex; (4) a request or attempt to touch Bell's breasts; and (5) H. Webb's watching Bell and her guests from outside her home for no legitimate business reason. Bell refused H. Webb's sexual advances and indicated to him that his conduct was unwelcome.

H. Webb accused Bell of violating the lease due to, among other things, excessive noise and gambling. H. Webb refused to accept Bell's April 2012 rent payment and filed an eviction action against her on April 18, 2012. The state court ruled in H. Webb's favor on June 1, 2012, and Bell moved out of the rental property on June 8 or 9, 2012.

Plaintiff alleges that H. Webb's conduct made Bell feel uncomfortable, helpless, anxious, and unsafe and that it was unwelcome and offensive and was sufficiently severe such that it had the effect of imposing different terms, conditions, or privileges of her housing arrangement. Plaintiff also alleges that H. Webb's conduct interfered with Bell's enjoyment of housing. Finally, plaintiff alleges that H. Webb made unwelcome sexual comments and advances to other tenants between 2009 and 2013.

Bell filed a timely complaint of sex discrimination with the Department of Housing and Urban Development ("HUD") against defendants on April 19, 2013. The proceedings that followed resulted in this lawsuit, which includes two counts: Count I for denial of housing on the basis of sex in violation of Section 804(a) of the FHA, 42

U.S.C. § 6604(a), discrimination in the terms, conditions, or privileges of the rental of dwellings because of sex, in violation of Section 804(b) of the FHA, 42 U.S.C. § 3604(b), the making of statements with respect to the rental of dwellings indicating a preference, limitation, or discrimination based on sex in violation of Section 804(c) of the FHA, 42 U.S.C. § 3604(c); and coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the FHA, in violation of Section 818 of the FHA, 42 U.S.C. § 3617; and Count II for a pattern or practice of resistance to the full enjoyment of rights granted by the FHA or denial to a group of persons of rights granted by the FHA, where such denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

The defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure Rule 12(b)(6).

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)

3

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

**III. Discussion**

Defendants contend that plaintiff's allegations lack sufficient factual details that would allow the Court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Here, plaintiff's claims may be generally described as claims for (1) hostile housing environment, (2) quid pro quo harassment, and (3) pattern-or-practice and group-of-persons claims.

Borrowing from employment law, a claim of hostile housing environment caused by sexual harassment is actionable where the defendant subjects an individual to unwelcome sexual harassment that is sufficiently severe or pervasive so as to interfere with or deprive the individual of her right to use or enjoy her home. *Quigley v. Winter*, 598 F.3d 938, 947 (8th Cir. 2010). Defendants suggest plaintiff has not stated such a claim because the complaint "lacks any allegations of severe or humiliating conduct, such as sexual touching or rape." (#7 at 3.) Defendants also argue that the complaint does not describe the frequency of the alleged conduct (*id.*) and suggests that the allegations "plead nothing more than the ordinary tribulations of apartment living, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." (*Id.* at 4.) It is true that Title VII does not prescribe a "general civility code" nor does it

4

"prohibit 'genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 777-78 (1998) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998)). Defendants seek an accounting of where and when each of the alleged harassing interactions between Bell and H. Webb occurred. The plaintiff is not required to plead so specifically, however. The complaint alleges that over the course of four months,

- H. Webb demanded to know personal information about Bell such as whether she had a boyfriend, how she engaged in sex with her girlfriend, whether she and her girlfriend would engage in a threesome, and whether they would engage in a threesome with H. Webb;
- H. Webb made sexual comments about Bell's body;
- H. Webb made offers of housing benefits like free or reduced rent in exchange for sex;
- H. Webb requested or attempted to touch Bell's breasts; and
- H. Webb watched Bell and her guests from outside her home for no legitimate business reason.

The complaint makes clear that Bell refused H. Webb's sexual advances and indicated to him that his conduct was unwelcome. Defendants suggest that "innocent" explanations for such behavior may exist (#5 at 4-5), but sexual comments about Bell's body, requests for "threesomes," and suggesting free rent in exchange for sex are plainly sexual in nature. Rule 8 does not require that a complaint contain "detailed factual allegations."

*Iqbal*, 556 U.S. at 678. But defendants are correct that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, plaintiff has done more than merely state that H. Webb's harassment was pervasive and severe. Plaintiff has provided a laundry list of harassing, offensive, and unwelcome behavior that took place over a mere four-month period. Defendants suggest that because H. Webb's behavior never rose to the level of rape or other facially criminal behavior, plaintiff's allegations are inadequate. On the contrary, plaintiff alleges more than "ordinary tribulations of apartment living," and, at this early stage in the litigation, the hostile housing environment claims stand.

Next, with respect to quid pro quo harassment, the complaint alleges that H. Webb offered "tangible housing benefits, including forgiving or reducing rent, in exchange for sex." (#1 at 12(c).) Defendants again argue that the complaint fatally fails to allege the "particulars of the date, place, persons present, and words alleged stated" by defendant or any other persons present for such an exchange. (#5 at 6.) Thus, defendants say the complaint pleads only labels and conclusions and does not describe sufficiently egregious circumstances such as that in *Krueger v. Cuomo*, 115 F.3d 487 (7th Cir. 1997), in which the landlord was shown to have habitually --- three to four times a week over a five-month period --- grabbing and touching the tenant, including at least one time in front of the tenant's children. In contrast, defendants point out that H. Webb is alleged only to have "request[ed] and/or attempt[ed]" to touch Bell's breasts. Again, Rule 8 does not require the particulars that Webb seeks. *See Iqbal*, 556 U.S. at 678. Furthermore, the

6

Eighth Circuit has upheld a quid pro quo claim based on a single incident; there, the tenant inquired about the return of her deposit, and her landlord "fluttered his hand against [the tenant's] stomach and said, 'My eagle eyes have not seen everything yet.'" *Quigley*, 598 F.3d at 948. The combined effect of plaintiff's allegations here are sufficient to state a claim.

The Court next turns to plaintiff's pattern-or-practice and group-of-persons theories of recovery. The complaint states that

> 19. On multiple occasions between, at least, 2009 and 2013, H. Webb made unwelcome sexual comments and advances to tenants, including unwelcome touching, comments about their bodies, questions about their sexual partners, gestures indicating his sexual arousal, and offering tangible housing benefits, including forgiving or reducing rent, in exchange for sex.
>
> 20. H. Webb's conduct toward these women was sufficiently severe or pervasive to have the effect of imposing different terms, conditions, or privileges of their housing and interfering with their enjoyment of housing.

Defendants argue that plaintiff's pattern-or-practice count should be dismissed because it omits facts sufficient to show that sexual harassment occurred as well as information about dates and names of individuals who were the alleged targets of H. Webb's harassment. The Seventh Circuit approved of a similar complaint that "did not limit the pattern to any particular dates, to any particular acts, or to acts against any particular people." *United States v. Balistrieri*, 981 F.2d 916, 935 (7th Cir. 1992). That court observed that the "term 'pattern or practice' itself implies an ongoing series of acts; it would be asking next to the impossible to demand that the government know about every victim of that alleged pattern before filing a complaint." *Id.* The *Balistrieri* court thus

7

held that the "government's complaint notified the defendants of the claim against them" and that "the government properly proceeded to flesh out that claim through the discovery process." *Id.* The same is true here: the complaint adequately advises defendants of the nature of the claims against them and provides examples of H. Webb's conduct. Plaintiff has adequately complied with Rule 8's requirement that the complaint set forth a short and plain statement of the claim showing that it has a right to relief.

Finally, the FHA permits the Attorney General to file a lawsuit when there is a denial of rights to a group of persons raising an issue of general public importance. 42 U.S.C. § 3615(a). In their reply memorandum, defendants argue that the complaint is deficient as to this claim for the same reasons it is deficient with respect to the other claims. Having determined that the complaint sufficiently states claims for housing-related sexual harassment, the defendant's motion to dismiss is denied on this count as well.

**IV. Conclusion**

Defendant's motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#4) is **DENIED**.

Dated this   16th   day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE