UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16cv1400 SNLJ |
| | ) | |
| vs. | ) | |
| | ) | |
| HEZEKIAH WEBB and | ) | |
| JAMESEVA WEBB, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The United States of America brought this action against defendants Hezekiah and Jameseva Webb under Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 to 3619 ("FHA"). The government has moved to compel discovery responses from the defendants (#22). The matter has been fully briefed and is ready for disposition.

**I.  Factual Background**

The government claims defendant Hezekiah Webb subjected his tenant Shakhari Bell to severe, pervasive, and unwelcome sexual harassment between February 2012 and April 2013. The government also alleged that H. Webb made unwelcome sexual comments and advances to other tenants between at least 2009 and 2013. The government seeks an order compelling defendants' response to certain interrogatories and requests for production regarding "documents and information related to properties

Defendants have owned, operated or managed from January 1, 1996 to the present and information related to defendants' net worth."

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Defendants objected to the discovery requests. First, defendants limited their responses to the time period from 2009 to 2013 --- the dates of discrimination that were alleged in the complaint. At least nine properties are implicated by the government's request. Defendants have only responded to requests for four properties over a period of four years, despite acknowledging that they owned two of the properties since the early 1990s. Defendants base their position on the premise that their production should be tied to the dates and location of discrimination alleged regarding Ms. Bell --- 2012, at the Margetta and Anderson Avenues apartments. They suggest that their 2009-2013 timeframe is generous in light of the fact that Ms. Bell allegedly suffered discrimination during 2012. However, the government contends that the 21-year time frame is appropriate and indeed proportional to the case because its claim is that defendants have engaged in a longstanding pattern or practice of discrimination and denial of rights. Defendants have owned and operated rental units for at least 25 years. The government's complaint did not limit itself to the 2009-2013 period, and it implicated properties other than those at Margaretta and Anderson Avenues. (*See* Complaint, Doc. #1 at ¶¶ 6, 19.)

Further, the government has --- during discovery --- provided defendants with the names of seven tenants who experienced discrimination at defendants' properties between the early 1990s through 2008.

However, this case is not limited to the acts of discrimination against a few specified individuals; "pattern or practice" cases are fundamentally different from cases involving individual claims. *See United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (noting "the district court improperly considered the case as consisting of ten individual victims' claims for separate assessment, rather than as a single pattern or practice claim."). Because the government has alleged defendants have engaged in a pattern or practice of discrimination, and because those allegations have been bolstered with individual allegations going back to the early 1990s, the government is entitled to discovery to determine the extent of the pattern or practice and to identify aggrieved persons.

Defendants argue that the statute of limitations should limit the government's discovery, but the government's statute of limitations for damages for victims of discrimination begins to run only when the United States first learns of the act of discrimination. 28 U.S.C. § 2415(b), 2416(c); *see also United States v. Harrison*, 188 F. Supp. 2d 77, 81 (D. Mass. 2002). The Fair Housing Act statute of limitations cited by defendants does not apply to the United States, but only to private individual plaintiffs. 42 U.S.C. § 3613(a)(1)(A). Notably, the FHA does not limit the time period or number

of people for whom the United States can seek compensatory damages.  *See* 42 U.S.C. § 3614(d)(1)(B).

Further, the government states the producing the information would not cause undue burden on defendants.  The government has offered to conduct a review of the requested documents --- which consist primarily of tenant files kept in the regular course of defendants' business --- and to engage a vendor to copy and deliver the documents to the government.  That would certainly minimize the expense and any other burden on defendants.  The defendants do not articulate how --- particularly in light of the government's offer --- the requests are unduly burdensome.

As for the government's interrogatory that asks defendants to identify their net worth (Interrogatory No. 1) and the government's request for related documents (Document Request No. 11), defendants did not object to those requests in their responses.  Rather, they estimated their net worth for the specified years and stated they would "produce copies of documents responsive to request number 11" and would "supplement their answer to include disclosures of their assets, liabilities, and income sources."  Now, defendants state that the requests are improper because the discovery rules do not require defendants to generate a "net worth" document.  The government responds that it does not seek the generation of any new document other than a response to its interrogatory, which is permissible under Federal Rule of Civil Procedure 33.  As for the documents requested in Document Request No. 11, the defendants have already

stated that they would produce such documents. Oddly, defendants' memorandum stated that they were willing to provide those responsive documents and that they would do so within 10 days. (#27 at 10.) It does not appear that they have done so, so the Court will grant the motion to compel as to this matter.

### IV. Conclusion

The government's motion to compel shall be granted.

Accordingly,

**IT IS HEREBY ORDERED** that government's motion to compel (#22) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants shall respond to the United States' Interrogatory Nos. 1-3, 5, 7, 9, 11, 12, 13 (H. Webb), Interrogatory Nos. 1-6 (J. Webb), and Document Request Nos. 1-14, 18 (H. & J. Webb) within 14 days.

Dated this   22nd   day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE